NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3790
_____

EDWARD CLUTTER,

Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 2-13-cv-00932)
District Judge: Honorable Alan N. Bloch
_____

Submitted under Third Circuit LAR 34.1(a)
on April 30, 2015

Before: FISHER, HARDIMAN and ROTH, Circuit Judges

(Opinion filed January 12, 2016)

_____

OPINION*
_____

ROTH, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edward Clutter appeals the District Court's denial of his summary judgment motion and grant of summary judgment in favor of the Commissioner of Social Security. The District Court determined that substantial evidence supported the Administrative Law Judge's (ALJ) denial of Clutter's application for Social Security Disability Insurance Benefits and Supplemental Security Income. We will affirm.

**I.**

On March 4, 2011, Clutter applied for benefits. He alleged that he was unable to work starting on July 7, 2007, when, at the age of 41, he was laid off from work as a delivery driver.

The ALJ performed the five-step, sequential analysis for determining whether a claimant is disabled.[1] The ALJ determined that (1) Clutter has not engaged in substantial gainful activity since July 7, 2007; (2) Clutter suffers from severe impairments, including necrosis of the hips, back pain, hypothyroidism, a mood disorder, anxiety, Asperger's syndrome, hypertension, obesity, and history of drug and alcohol abuse; (3) Clutter does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments; (4) Clutter has the residual functional capacity to perform only sedentary work,[2] which prevents him from performing any past relevant work; and (5) based on Clutter's age, education, work experience, and residual

---

[1] *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Barnhart v. Thomas,* 540 U.S. 20, 24–25 (2003).

[2] The ALJ concluded that Clutter requires a sit/stand option and is limited to simple, routine repetitive tasks with no fast paced production rate, few work place changes, and simple work place decisions with no public contact and occasional contact with supervisors and co-workers.

functional capacity, there are jobs in the national economy that Clutter can perform. Accordingly, the ALJ concluded that Clutter was not disabled from July 7, 2007, through March 21, 2012. The Appeals Council denied Clutter's request for review.

Clutter then filed an action in the U.S. District Court for the Western District of Pennsylvania, seeking review of the Commissioner's final decision. After a hearing, the District Court affirmed the Commissioner's decision to deny Clutter's claims for benefits.

**II.**[3]

We review "any findings of fact made by an ALJ under the deferential 'substantial evidence' standard" and will affirm as long as the ALJ's conclusions are supported by substantial evidence.[4] Substantial evidence is "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate."[5] If the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.[6]

Clutter seeks remand primarily on the basis that the ALJ failed to explain what weight, if any, she accorded the opinion of Dr. Lewis V. Whitman, Clutter's former primary care physician. The ALJ clearly considered Dr. Whitman's August and September 2008 medical opinions, including his conclusion that Clutter would be limited to lifting and carrying ten pounds and, during an eight hour workday, standing and

---

[3] The District Court had jurisdiction to review a final administrative decision by the Social Security Commissioner pursuant to 42 U.S.C. § 405(g). We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).
[4] *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014); *see* 42 U.S.C. § 405(g).
[5] *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995) (internal quotations omitted).
[6] *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999).

walking one hour and sitting two hours. Acknowledging that certain aspects of these opinions were consistent with a sedentary residual functional capacity, the ALJ declined to adopt Dr. Whitman's findings as a whole. Specifically, the ALJ noted that Dr. Whitman based his opinion on Clutter's condition before his January 2009 hip replacement, which the ALJ assumed improved Clutter's functioning. The ALJ also relied on objective medical evidence that postdated Dr. Whitman's January 8, 2008, opinion. The ALJ's discussion of the record and explanation of partial reliance on Dr. Whitman's opinion is sufficient to permit meaningful review.[7] As such, we conclude that the ALJ's opinion was supported by substantial evidence.

Clutter also claims that remand is necessary because the District Court overlooked one of his legal arguments. But Clutter does not explain how the ALJ erred or why the District Court's purported failure to address this argument is reversible error. In fact, it appears that the District Court briefly considered Clutter's claims regarding the ALJ's rejection of his medical opinions and found his argument lacked merit.[8]

## III.

Accordingly, we will affirm the District Court's order granting summary judgment in favor of the Commissioner of Social Security.

---

[7] *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (explaining that an ALJ need not "use particular language or adhere to a particular format" but only "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review").

[8] *See* J.A.5-6 n.1 ("The ALJ . . . thoroughly discussed the basis for her RFC finding and why she declined to adopt in full the opinions which stated that Plaintiff was unable to work from both a physical and mental standpoint. The Court finds that substantial evidence supports the ALJ's ultimate determination that Plaintiff retained the ability to perform work consistent with her RFC finding and accordingly affirms.").